IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CV-147-FL

| | |
|---|---|
| RHONDA RICHMOND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 38, 43).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued a memorandum and recommendation ("M&R") (DE 47) which recommends that the court grant plaintiff's motion, deny defendant's motion, and that defendant's final decision be remanded for further proceedings. Defendant timely filed objection to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

## BACKGROUND

On November 13, 2008, plaintiff filed an application for a period of disability and disability insurance benefits, alleging a disability beginning November 1, 2003. A hearing was held before an Administrative Law Judge ("ALJ"), who determined on December 14, 2010, that plaintiff was

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

not disabled through December 31, 2007, plaintiff's date last insured ("DLI"). The Appeals Council denied plaintiff's request for review on May 25, 2011. Plaintiff filed his complaint in this court on July 20, 2011, seeking review of the final administrative decision. The court adopts and incorporates herein the factual history as set forth at pages 4-5 of the M&R.

## DISCUSSION

I.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005);

2

Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff was no longer engaging in substantial gainful employment. The ALJ then found at step two that plaintiff had two severe impairments: lumbar disc disease with radiculopathy and post-traumatic osteoarthritis of the right foot. However, at step three the ALJ further determined that these impairments were not sufficiently severe to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Prior to proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC") and found that plaintiff had the ability to perform a full range of light work. At step four, the ALJ concluded plaintiff had the RFC to perform the requirements of her past relevant work. The ALJ therefore concluded that plaintiff had not been under a disability, as defined in the Social Security Act, for any twelve-month period between the alleged date of onset and DLI.

3

II. Analysis

Defendant objects to the magistrate judge's determination that the case must be remanded because the ALJ did not explicitly reject the opinion of consultative examiner Wesley W. Murfin, M.D., or "otherwise explain the inconsistency between Dr. Murfin's opinion and the ALJ's RFC." (M&R at 13-14). For the reasons stated below, the court agrees with the determination by the magistrate judge that remand is required on this basis, and the court does not reach plaintiff's remaining arguments for remand.

In accordance with Social Security Ruling 96-8P, when making an RFC assessment, an ALJ "must always consider and address medical source opinions." SSR 96-8P, 1996 WL 374184, *7 (July 2, 1996). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Id. Further, the ALJ "must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. "[R]emand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision." Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. 2005) (citing Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir.1987)).

In this case, Dr. Murfin's opinion presents an inconsistency with the RFC assessment, or at least a significant ambiguity, which the ALJ did not discuss in his decision. In particular, Dr. Murfin performed a consultative examination on plaintiff on January 12, 2007, and concluded in pertinent part as follows:

> Right foot pain. [Claimant] does have degenerative changes in the foot following a fracture years ago. *This is expected to limit prolonged standing or walking, but does not limit light housework, self-care activities or sedentary activities.*
> Based on today's examination, her ability to sit is not impaired. *Her ability to stand, walk and move about is limited as noted above.* . . .

4

(Tr. 451) (emphasis added). In addition, Dr. Murfin included the following examination findings: "Gait, including tandem is normal. She does have difficulty walking on the heel of her right foot." (Tr. 451). Further, he stated in his notes that she "cannot walk on heel." (Tr. 448). In contrast, the ALJ determined the plaintiff had the RFC to perform "the full range of light work," (Tr. 16), which is defined as "requir[ing] a good deal of walking or standing," 20 C.F.R. § 404.1567(b), or "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251 *6 (January 1, 1983).

Dr. Murfin's opinion is in conflict with the ALJ's assessment that plaintiff can perform a full range of light work in two main respects. First, a conflict arises from the difference between the ALJ's conclusion that plaintiff could perform the "full range of light work" -- i.e., light work with no limitations -- and Dr. Murfin's opinion that plaintiff's impairments would be "expected to limit prolonged standing or walking," and that plaintiff's "ability to stand, walk and move about is limited," which suggests more limitations than are included in the definition of light work. (Cf. Tr. 16 with Tr. 451). Second, conflict arises due to Dr. Murfin's opinion that plaintiff was not limited in "sedentary activities," which suggests by negative implication that plaintiff may be limited in some respects from performing "light work." (Tr. 451). Accordingly, the ALJ was required to explain how this inconsistency was considered and resolved. See SSR 96-8P, 1983 WL 31251 *7.

The ALJ did not do so, however. While the ALJ did describe in some detail the opinion and findings of Dr. Murfin, (see Tr. 17-18), none of this discussion addresses the tension between Dr. Murfin's opinion that plaintiff's impairments would be "expected to limit prolonged standing or walking," (Tr. 451), and the requirements of light work. Defendant quotes those portions of the ALJ opinion in which the ALJ discusses Dr. Murfin's opinion, and suggests that this discussion suffices

5

to meet the narrative discussion requirements set forth in SSR 96-8P. (Obj. 4-6). But, SSR 96-8P expressly requires that the ALJ "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8P, 1983 WL 31251 *7. Merely mentioning those aspects of Dr. Murfin's opinion which are inconsistent with the RFC, or which are ambiguous in that respect, is not the same as "explain[ing] how" those inconsistencies or ambiguities were considered and resolved.

Defendant also argues that Dr. Murfin's opinion "is quite vague," inviting the court to interpret Dr. Murfin's opinion in a manner that makes it consistent with the ALJ's RFC determination. (Obj. 4). For example, defendant suggests that the statement about "sedentary activities" should not be interpreted as an opinion that plaintiff is limited to "sedentary work" only. (Obj. at 4 n. 2). Defendant also suggests that by using the term "prolonged" Dr. Murfin must have meant something more than 6 hours out of an 8 hour work day, especially given all the other evidence in the record noted by the ALJ and Dr. Murfin. (Obj. at 4-6). But these are rationalizations by counsel, rather than explanations by the ALJ himself regarding how inconsistencies or ambiguities in the record were considered and resolved. "[I]t is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990). Accordingly, while Dr. Murfin's opinion may in fact be vague in several respects, it is the duty of the ALJ, not the Commissioner or this court, to explain how those "ambiguities in the evidence" were considered and resolved. SSR 96-8P, 1983 WL 31251 *7.

Defendant also suggests that, to the extent it conflicted with the RFC determination, Dr. Murfin's opinion was not based on examination findings but rather on plaintiff's own statements as

6

to the amount of time she can walk. (Obj. 6 n.4). This argument, however, does not take into account the fact that Dr. Murfin actually observed plaintiff's walking ability during his examination, and he made the specific finding that "[s]he does have difficulty walking on the heel of her right foot," and that she "cannot walk on heel." (Tr. 451). This is an observation that is unique to Dr. Murfin's examination report, and is not limited to simply repeating plaintiff's own statements about her walking ability. (See Tr. 449, 450). Accordingly, Dr. Murfin's medical examination findings are consistent with his opinion that plaintiff should not engage in prolonged walking or standing. In any event, even if Dr. Murfin's opinion could be discredited on the basis that it relied in some part on plaintiff's own statements, the ALJ did not express these concerns in any respect in its decision. As before, it is the role of the ALJ to do so in the first instance, and not the role of the court to infer the basis for discrediting Dr. Murfin's opinion.

In sum, because the ALJ did not explain how material inconsistencies or ambiguities in the evidence between Dr. Murfin's opinion and the RFC determination were considered and resolved, remand is necessary.

## CONCLUSION

Based on the foregoing, the court ADOPTS the recommendation of the magistrate judge, GRANTS plaintiff's motion (DE 38), DENIES defendant's motion (DE 43), and REMANDS this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

SO ORDERED this the 24th day of April, 2013.

LOUISE W. FLANAGAN
United States District Judge